UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                          |   |                              |
|--------------------------|---|------------------------------|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 05-10091-GAO    |
| v.                       | ) |                              |
| MYLES CONNOR             | ) |                              |

## MOTION TO CONTINUE

The government moves to continue the Final Revocation Hearing in this matter to a date after the completion of a related state case against the defendant, and as grounds therefore, states as follows:

1. On March 23, 2005, the defendant was arrested by the Natick Police Department in connection with an alleged jewelry store robbery. He was charged with the state offenses of Accessory After the Fact, Larceny over $250, Receiving Stolen Property, Conspiracy, and Habitual Offender.

2. At the time, the defendant was serving a period of supervised release. He had been sentenced to 155 months incarceration and five years supervised release on his conviction in the Central District of Illinois for, among other things, Conspiracy to Distribute over 500 Grams of Cocaine.

3. While on supervised release, the defendant was subject to the standard condition that he not commit another federal, state or local crime.

4. On March 31, 2005, the U.S. Probation Office in this District, which is supervising the defendant, filed a petition to revoke the defendant's supervised release. At

the time, the defendant was in state custody awaiting trial on $20,000 bail.

5.    The defendant then requested in the state case that he be allowed to make his appearance in federal court on the revocation petition. Over the objection of the Commonwealth, the court reduced his bail to personal recognizance and ordered that his bail be restored to $20,000 once he was in federal custody; that is, almost immediately.

6.    On June 8, 2005, the defendant made his initial appearance in this matter. He remains in federal custody.

7.    The undersigned Assistant U.S. Attorney has spoken to David Cunis, the Assistant District Attorney assigned to the state case. He has represented that the Commonwealth intends to go forward with the state matter, which was recently indicted in Superior Court, and he predicts that the case likely will be placed on "Track A," meaning that the case likely will go to trial in the next six months. According to ADA Cunis, because the defendant has been charged under the Commonwealth's Habitual Offender statute, he effectively faces life imprisonment if convicted.

8.    The government believes that state matter should proceed first because it might obviate the need for what would effectively be two trials. If the defendant is convicted, even on a lesser included offense, there would be no need for a revocation hearing in this matter, as here the government must prove by a preponderance of the evidence that the defendant violated state law. A conviction will have a collateral estoppel effect on the issue of whether a state law violation has occurred. In addition, a sentence of a period of incarceration may render a revocation hearing unnecessary for practical reasons.

9.    The converse is not true; that is, if the revocation hearing proceeds, whatever

the outcome, the state, according to ADA Cunis, still will go forward with its case.

10. For these reasons, it would be a waste of judicial resources for the Court to permit two trials of the same matter. Accordingly, the government requests that the Court continue this matter until the Commonwealth's case against the defendant is resolved.

11. If the Court is inclined to allow the revocation hearing to go forward, the government alternatively requests a continuance of the revocation hearing to date convenient for the Court in the Fall, on account of undersigned counsel's scheduling constraints, including his preparing for trial before this Court in <u>United States v. Carpenter</u> beginning on July 11.

WHEREFORE, the government moves to continue this matter until after the resolution of the related state case, and in the alternative, to continue the matter to the Fall.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney


By:  /s/ Jonathan F. Mitchell
     Jonathan F. Mitchell
     Assistant U.S. Attorney


Dated: June 28, 2005


CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by mail and fax to:

Martin K.Leppo, Esq.
15 S. Main Street
Randolph, MA 02368
(508) 580-4841

    This 28th day of June, 2005.

                                        /s/ Jonathan F. Mitchell
                                        JONATHAN F. MITCHELL
                                        ASSISTANT UNITED STATES ATTORNEY